10-515-cv
*Androme Leather Corp. v. City of Gloversville*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand and ten.

PRESENT: WILFRED FEINBERG,
            BARRINGTON D. PARKER,
            RICHARD C. WESLEY,
                 *Circuit Judges.*

----

ANDROME LEATHER CORPORATION,

            *Plaintiff-Appellant,*

       -v.-                                 10-515-cv

CITY OF GLOVERSVILLE, ZONING BOARD OF APPEALS OF THE CITY OF GLOVERSVILLE, D. ROBERT ROBBINS JR., THOMAS RENDA, FRANCES MOSCONNI, MARGARET RALBOVSKY, GARRISON SEELOW, DEBORAH ASHE, KELLY OCTIGAN, KAREN SMITH a/k/a KAT, MICHAEL CAPPARELLO, ABRAHAM SEROUSSI, COMMON COUNCIL OF THE CITY OF GLOVERSVILLE, ANTHONY J. CARUSO, MARIE A. SCHUTZ, FRANK A. CLEMENTE, ANTHONY P. CHRISTIANO, PAUL E. REID, MARYLOUISE R. MELE,

            *Defendants-Appellees.*

----

FOR APPELLANT:     LEWIS B. OLIVER, JR., ESQ., Oliver Law Office, Albany, NY.

FOR APPELLEES:     PETER G. BARBER, ESQ., Murphy, Burns, Barber & Murphy, LLP, Albany, NY.

Appeal from the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant appeals from an order of the United States District Court for the Northern District of New York (Suddaby, *J.*), which granted summary judgment in favor of the defendants.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A "class of one" equal protection claim requires the claimant to demonstrate that they share an "extremely high degree of similarity" with the "person[] to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 114, 159 (2d Cir. 2006) (citations omitted).  Further, the claimant must show that:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in

2

circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake.

*Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005) (citations omitted) (partially abrogated on other grounds by *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008)).

Here, Appellant differed from its proffered comparator, JBF, in at least one important respect. JBF had at one point enjoyed a "grandfathered" right to engage in the process of "beaming," whereas Appellant had never enjoyed such a right and applied to obtain a use variance from the zoning ordinance in question. By itself, this difference raises "the possibility that the defendant acted on the basis of a mistake," negating an essential element of the "class of one" claim and rendering appropriate an award of summary judgment for the defendants.

We have considered Appellant's remaining contentions, and find them without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3